

16-1231-cv
McCullough v. World Wrestling Entertainment

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2016

Submitted: August 30, 2016    Decided: September 27, 2016

Docket Nos. 16-1231(L), 16-1237(Con)

- - - - - - - - - - - - - - - - - - - - - - - - -

Russ McCullough, Ryan Sakoda, and Matthew Robert Wiese, individually and on behalf of all others similarly situated; William Albert Haynes, III,

      Plaintiffs-Appellants,

        v.

World Wrestling Entertainment, Incorporated,[1]
      Movant-Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, WINTER, and RAGGI, Circuit Judges.

Motion to dismiss appeals of orders dismissing two of several cases consolidated in the District Court for the District of Connecticut (Vanessa L. Bryant, District Judge).

Motion granted.

---

[1] This caption, altered for purposes of this opinion, does not change the official caption.

MANDATE

MANDATE ISSUED ON 10/20/2016

David R. Fine, K&L Gates LLP, Harrisburg, PA (Jerry S. McDevitt, Curtis B. Krasik, K&L Gates LLP, Pittsburgh, PA, Jeffrey Mueller, Day Pitney LLP, Hartford, CT, on the motion), for Movant-Defendant-Appellee World Wrestling Entertainment, Incorporated.

William M. Bloss, Koskoff, Koskoff & Bieder, P.C., Bridgeport, CT (Konstantine W. Kyros, Kyros Law Offices, Hingham, MA, Charles J. LaDuca, Cuneo Gilbert & LaDuca, LLP, Bethesda, MD, Michael J. Flannery, Cuneo Gilbert & LaDuca, LLP, St. Louis, MO, Robert K. Shelquist, Scott Moriarity, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, Harris L. Pogust, Pogust Braslow & Millrood, LLC, Conshohocken, PA, Erica Mirabella, Mirabella Law, LLC, Boston, MA, on the memorandum in opposition), for Plaintiffs-Appellants Russ McCullough, Ryan Sakoda, Matthew Robert Wiese, and William Albert Haynes, III.

JON O. NEWMAN, Circuit Judge:

The pending motion to dismiss two appeals merits a brief opinion to clarify the circumstances under which judgments entered in some, but not all, cases that have been consolidated are final for purposes of appellate jurisdiction. Clarification is needed in the aftermath of

2

the Supreme Court's decision in *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897 (2015).

The appeals arise from cases in the District Court for the District of Connecticut. That Court (Vanessa L. Bryant, District Judge) consolidated six cases, five of which were brought against Defendant-Appellee World Wrestling Entertainment, Inc. ("WWE"). *See McCullough v. WWE*, No. 3:15-cv-01074-VLB (D. Conn.), Dkt. Nos. 41 (July 23, 2015), 49 (Aug. 4, 2015), 79 (Oct. 5, 2015). On WWE's motion to dismiss, the District Court later entered an order dismissing two of the cases, one brought by Plaintiffs-Appellants Russ McCullough and others, and one brought by Plaintiff-Appellant William Albert Haynes III. *Id*. Dkt. No. 116 (Mar. 21, 2016). From the order entered in favor of WWE in these two cases, Plaintiffs-Appellants filed timely notices of appeal. *Id*. Dkt. Nos. 123, 124 (Apr. 20, 2016).

WWE, relying on our decision in *Hageman v. City Investing Co.*, 851 F.2d 69 (2d Cir. 1988), moved to dismiss these appeals on the ground that other consolidated cases remained pending in the District Court. The Plaintiffs-Appellants oppose dismissal, urging us to reconsider *Hageman* in light of the Supreme Court's decision in

3

*Gelboim*. Although only an in banc court can reject a prior decision of this Court, *see United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004), a panel that believes an intervening Supreme Court decision has abrogated a prior decision can present that view to the active judges, and, in the absence of objection, disregard the prior decision.[2] We therefore proceed to consider the effect, if any, of *Gelboim* on *Hageman*.

*Hageman* concerned two employment discrimination cases that a district court had consolidated. Like the consolidation in the pending matter, this was a district court consolidation for all purposes, not a consolidation by the Multi-District Litigation Panel ("MDL") for "coordinated or consolidated pretrial proceedings" authorized by 28 U.S.C. ¶ 1407. The district court in *Hageman* dismissed the sole claim in one of the consolidated cases. The plaintiff appealed the order of dismissal, and the defendants moved to dismiss the appeal because claims in the other consolidated case remained pending.

---

[2] A recent example of that procedure is *Doscher v. Sea Port Group Securities, LLC*, No. 15-2814, 2016 WL 4245427, at *4-5 & *5 n.9 (2d Cir. Aug. 11, 2016) (circulation to active judges prior to filing opinion that considered effect of intervening Supreme Court decision).

4

The opinion in *Hageman* identified three possible approaches to the issue presented by the motion to dismiss the appeal: (1) a judgment disposing of any claim in a consolidated action could be appealed, (2) an "absolute rule" that a judgment in a consolidated action could be appealed only if it disposed of all claims, and (3) "a flexible approach, examining the type of consolidation and the relationship between the consolidated actions in order to determine whether the actions could be appealed separately absent Rule 54(b) certification." *Hageman*, 851 F.2d at 71. *Hageman* adopted a variant of the flexible approach. We stated:

> [T]he best way to weigh these competing benefits of an absolute rule and a more flexible approach is to hold that when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In highly unusual circumstances, a litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment.

*Id.* Concluding that the presumption had not been overcome, we dismissed the appeal.

Several years later we again considered the appealability of an order dismissing a complaint in a

5

consolidated action. The consolidation involved a large group of cases transferred by the MDL Panel to the Southern District of New York "for coordinated or consolidated pretrial proceedings." *In re: Libor-Based Financial Instruments Antitrust Litigation*, No. 1:11-md-02262-NRB (S.D.N.Y.) ("*Libor I*") Dkt. No. 1 (Aug. 12, 2011), *reported at* 802 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011). The District Court entered an order dismissing the complaint of Ellen Gelboim and Linda Zacher, which had made one claim, an antitrust violation. *Libor I*, 935 F. Supp. 2d 666, 738 (S.D.N.Y. 2013).[3] On appeal from that order, this Court dismissed "the appeals" because all claims in the consolidated action had not been dismissed. *In re Libor-*

---

[3] The District Court dismissed the Gelboim-Zacher complaint in an order entered March 29, 2013. *See Libor I*, Dkt. No. 286. The Plaintiffs-Appellants' timely notice of appeal ("NOA") from that order states that they "believe" a judgment was later "entered on or about August 26, 2013 by operation of Federal Rule of Civil Procedure 58(c)(2)(B). *Id*. Dkt. No. 409 at 2 n.1 (Sept. 17, 2013). That subsection of Rule 58 provides that judgment "is entered" for rulings that are required to be set forth in a separate document when the ruling is so set forth or "150 days have run from the entry in the civil docket." Presumably, this subsection means that a judgment is *deemed* to be entered 150 days after entry of the ruling in the civil docket. *See Mora v. United States*, 323 F. App'x 18, 19-20 (2d Cir. 2009) ("If a separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order."). The docket in *Libor I* does not reflect a judgment dismissing the Gelboim-Zacher complaint.

6

*Based Financial Instruments Antitrust Litigation*, Nos. 13-3565, 13-3636, 2013 WL 9557843 (2d Cir. Oct. 30, 2013) ("*Libor II*").[4] *Libor II* did not cite *Hageman*, but did cite *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497 (2d Cir. 2010), *see* 2013 WL 9557843, at *1, which had relied on *Hageman*, *see Houbigant*, 627 F.3d at 498.

The Supreme Court reversed this Court's decision in *Libor II*. *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897 (2015).[5] The Court, citing *Hageman*, noted that our Court "does not differentiate between all-purpose consolidations . . . and . . . § 1407 consolidations for pretrial proceedings only." *Id.* at 904 n.2. The Court ruled that the Gelboim-Zacher appeal should not have been dismissed

---

[4] This Court's dismissal order refers to "appeals" and bears two docket numbers, Nos. 13-3565 and 13-3636. No. 13-3565 is the appeal brought by Ellen Gelboim and Linda Zacher. No. 13-3636 is an appeal brought by several Charles Schwab entities whose case was included in the consolidated MDL action. Those two appeals were administratively consolidated by our Clerk's Office, an action implicitly reflected by Dkt. No. 11 in No. 13-3565.

[5] The Supreme Court understood this Court to have dismissed only "the appeal filed by Gelboim and Zacher," *Gelboim*, 135 S. Ct. at 902, *see also id.* at 904, although our order had dismissed both the Gelboim-Zacher appeal and the appeal of the Schwab entities. *See* footnote 4, *supra*. Only Gelboim and Zacher filed a petition for certiorari seeking review of our Court's order. Petition for Writ of Certiorari, *id.* (No. 13-1174) (Mar. 26, 2014). The Supreme Court granted their petition. 134 S. Ct. 2876 (2014). The Schwab entities did not file a petition for certiorari.

7

because it was an appeal from a judgment dismissing one case that had been consolidated only for MDL purposes. As the Court explained:

> Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable final decision.

*Id.* at 904 (footnote omitted).

Relevant to the pending matter, the Court added, "We express no opinion on whether an order deciding one of multiple cases combined in an all-purpose consolidation qualifies under § 1291 as a final decision appealable of right." *Id.* at 904 n.4. Because the *McCullough* and *Haynes* cases, the subjects of the pending motion, were consolidated with other cases in the District Court for all purposes,[6] and because the Supreme Court in *Gelboim*

---

[6] The Plaintiffs-Appellants dispute that the cases were consolidated for all purposes. *See* Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss 3. They call our attention to *Katz v. Realty Equities Corp.*, 521 F.2d 1354 (2d Cir. 1975), and *Greenberg v. Giannini,* 140 F.2d 550 (2d Cir. 1944). In *Katz*, the district court explicitly consolidated cases "for all pretrial purposes." 521 F.2d at 1356. In *Greenberg*, the consolidation "was only a convenience, accomplishing no more than to obviate the duplication of papers and the like." 140 F.2d at 552. The consolidation orders in the pending cases give no indication that consolidation was accomplished for anything less than all purposes. *See* Fed. R. Civ. P. 42(a)(2).

8

explicitly declined to express an opinion on the appealability of a dismissal of one of multiple cases in such a consolidation, *Gelboim* does not oblige us to reconsider the continuing validity of *Hageman*. Applying *Hageman*, we see nothing in the Plaintiffs-Appellants' papers that overcomes the "strong presumption that the judgment is not appealable." *Hageman*, 851 F.2d at 71.

Accordingly, the motion to dismiss the appeals in 16-1231 and 16-1237 is granted, without prejudice to renewal of these appeals upon entry of a final judgment in the District Court disposing of all the cases with which the *McCullough* and *Haynes* cases have been consolidated.

9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit